UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LUNDY LENTZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-00830 |
| WITKES LAW FIRM, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff LUNDY LENTZ ("Plaintiff"), by and through her attorneys, Consumer Law Partners, complaining as to the conduct of WITKES LAW FIRM, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiff is over 18-years-of-age and is a disabled "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

5. Defendant "was founded on the vision of revolutionizing creditors rights law through meaningful representation."[1] Defendant is a third-party debt collector representing creditors "in some of the leading financial institutions in Ohio, including healthcare, universities, local governments, law firms, and real estate companies."[2] Defendant's principal place of business is located at 2101 Richmond Road, Suite 1019, Beachwood, Ohio 44122, and its registered agent, Yehudah Witkes, is located at 2900 East Broad Street, Apartment B, Columbus, Ohio 43209.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon outstanding medical debt ("subject debt") that Plaintiff allegedly owed to *Genesis Hospital* and *Valuecare Ambulance*.

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. On or about April 9, 2021, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt ("April 9th letter").

10. The April 9th letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

---

[1] https://www.witkeslaw.com/about
[2] *Id.*

11. As the initial written communication with Plaintiff, Defendant's April 9th letter appears to contain the disclosures required in such communications, pursuant to 15 U.S.C. § 1692g(a).

12. Defendant's April 9th letter itemizes the two accounts comprising the subject debt – Genesis Hospital with an amount owed of $4,506.70, and Valuecare Ambulance with an amount owed of $431.62, as seen below:

| Creditor | Amount Owed |
|---|---|
| GENESIS HOSPITAL | 4506.70 |
| VALUECARE AMBULANCE | 431.62 |
| Total Amount Due | $4,938.32 |

13. At the bottom of the April 9th letter, Defendant includes a detachable payment coupon, and identifies the subject debt with a pre-filled "Reference # BRJ168" ("reference number").

14. Defendant also includes a blank space for Plaintiff to add a monetary amount, as seen below:



15. While Plaintiff wished to address one of the two accounts, Plaintiff did not recall incurring both balances.

16. To that end, Plaintiff considered making payment using the payment stub included in Defendant's April 9th letter, however, given the pre-filled reference number, which lumped both of the accounts together, Plaintiff was worried that her payment would not be applied to the

account of her choosing, and instead, would be erroneously applied to the account she wished to dispute.

17. Based on the 15 U.S.C. § 1692g(a) legal disclosures outlined in Defendant's initial written communication, Plaintiff has 30 days from the date of that April 9th letter to dispute the validity of the subject debt.

18. While Plaintiff wished to dispute one of the two accounts, as she did not recall incurring it, any payment that Plaintiff would have made using Defendant's April 9th payment stub would have been applied to the disputed account.

19. Defendant's communications created a probability of confusion as to how much Plaintiff is said to owe regarding the reference number, as well as which account(s) would be satisfied upon payment.

20. As a result of Defendant's unlawful behavior, Plaintiff was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

22. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt," and Defendant advertises that it is a member of the Association of Credit and Collection Professionals ("ACA").

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the nature and amount of the subject debt to Plaintiff in its correspondence. Upon reviewing Defendant's initial April 9th letter, Plaintiff did not remember owing, and did not recognize one of the accounts listed therein, and she wished to dispute them. On the other hand, Plaintiff did wish to address the account she did recognize, however, any

payment that Plaintiff would have made using Defendant's April 9th pre-filled payment stub would have erroneously been applied to an account that Plaintiff wished to dispute.

30. Defendant deceptively pre-filled the information on the payment stub included in its April 9th letter in an effort to coerce Plaintiff into making a payment on a disputed debt. Defendant engaged in this conduct with the hopes of circumventing Plaintiff's rights pursuant to § 1692g(a), and forcing her to pay on an account that she did not recognize.

    b. **Violations of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f by unfairly pre-filing the reference number on its April 9th letter, which prevented Plaintiff from making payment on an account of her choosing. Defendant engaged in this behavior in an effort to coerce Plaintiff into paying towards an account that she does not acknowledge and to jeopardize her dispute rights pursuant to the FDCPA.

    c. **Violations of FDCPA § 1692h**

33. The FDCPA, pursuant to 15 U.S.C. §1692h, states that "If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions."

34. Defendant violated §1692h through its April 9th correspondence, as it intentionally put Plaintiff in a position where she would make payment on a debt that she did not agree with. While Plaintiff wished to address one of the two accounts, given that Defendant pre-filled the reference number in its detachable payment coupon, any payment made by Plaintiff would inherently be

6

applied to the total balance of the subject debt, which is comprised of an account which Plaintiff disputes.

35. As set forth in paragraphs 19 through 22, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, LUNDY LENTZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" and "consumer" as defined by Ohio Rev. Code §1345.01(B) and (D).

38. Defendant's collection efforts constitute a "consumer transaction," as the term is defined by Ohio Rev. Code §1345.01(A).

39. Defendant is a "supplier" as defined by Ohio Rev. Code §1345.01(C).

### a. Violations of OCSPA § 1345.02

40. The OCSPA, pursuant to Ohio Rev. Code §1345.02 states that "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair

or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

41. Defendant violated §1345.02 of the OCSPA when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant deceptively pre-filled the information on the payment stub included in its April 9th letter in an effort to coerce Plaintiff into making a payment on a disputed debt. Defendant engaged in this conduct with the hopes of circumventing Plaintiff's rights pursuant to § 1692g(a), and forcing her to pay on an account that she did not recognize.

42. WHEREFORE, Plaintiff, LUNDY LENTZ, respectfully requests that this Honorable Court entering judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Ohio Rev. Code §1345.09(A);

c. Award Plaintiff statutory damages up to $5,000.00, pursuant to Ohio Rev. Code §1345.09(A);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Ohio Rev. Code §1345.09(F);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

DATED this 21st day of April, 2021.    Respectfully Submitted,

 /s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Lundy Lentz*